
FILED
SEP 21 2015
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD BRUCE SANDERS,<br><br>Petitioner,<br><br>vs.<br><br>ALPHA HOUSE; BUREAU OF PRISONS; GIORGIANN DECKARD,<br><br>Respondents. | Cause No. CR 15-80-BLG-SPW<br><br>ORDER DENYING PETITION |

This case comes before the Court on Petitioner Sanders' petition for writ of habeas corpus under 28 U.S.C. § 2241. Sanders states that he is currently detained at the Yellowstone County Detention Center. He is a federal prisoner proceeding pro se. The Court concludes that an Answer need not be filed. *See* Rule 1(b), 4, Rules Governing § 2254 Cases.

On June 28, 2015, Sanders provided a urine sample that tested positive for opiates, i.e., codeine and/or morphine. After a disciplinary hearing, he was sanctioned by loss of 30 days' good-conduct time, detention for 41 days, and removal from the pre-release center where he had been living. He contends he obtained evidence after the hearing that would have provided a reasonable explanation for the positive result. He also claims that the charge against him was altered after the hearing and that the positive result was "orchestrated" when staff

1

at the pre-release center adulterated his blood-pressure medication. As a result of the disciplinary violation, Sanders is serving more time under more restrictive conditions than he would otherwise have served in the pre-release center. *See* Pet. (Doc. 1) at 2-4; Supp. (Doc. 7 to 7-4).

Federal courts do not retry inmate disciplinary hearings; they only decide whether an inmate was provided due process in a disciplinary hearing. Setting aside the question of whether Sanders properly exhausted his administrative remedies, the exhibits he submitted to show exhaustion demonstrate that he received due process. He was notified of the alleged violation and of the disciplinary hearing four days before it occurred. Notice of Hearing (Doc. 5 at 6). He was advised that he could call witnesses or present documentary evidence at the hearing. *Id.*; *see also* Inmate Rights (Doc. 5 at 5). He received a written statement of the decision and the evidence and reasons supporting it. Center Discipline Committee Report ¶¶ IV-VIII (Doc. 5 at 3-4). That is what is required. *See Wolff v. McDonnell*, 418 U.S. 539, 563, 564 (1974). It is clear that Sanders is not entitled to relief on his allegations regarding the disciplinary hearing. Because Sanders is not entitled to relief, his motion for the appointment of counsel is moot.

Sanders' petition also reiterates allegations regarding his treaty right to possess firearms. *See* Pet. at 1-2. He recently filed a motion to dismiss the criminal indictment. *See* Mot. to Dismiss (Doc. 8). Those allegations challenge the validity

of Sanders' conviction. They can only be made in a motion under 28 U.S.C. § 2255. *See generally Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). As Sanders well knows, this Court lacks jurisdiction to hear those allegations unless and until Sanders obtains leave from the Court of Appeals to file a second or successive § 2255 motion. *See* Order (Doc. 155); Order & Am. Order (Docs. 159, 160). Therefore, the Court simply disregards these allegations.

Sanders has not filed a motion under 28 U.S.C. § 2255. The Court has not recharacterized his pleading or any portion of it as a § 2255 motion. Because a certificate of appealability is inapposite where a federal prisoner files a petition under 28 U.S.C. § 2241, *see* 28 U.S.C. § 2253(c)(1), the Court will neither grant nor deny a certificate of appealability. However, should Sanders seek to appeal this decision, he should be required to pay the full filing fee. Fed. R. App. P. 24(a)(4)(B), (5).

If Sanders wishes to appeal, he must file a notice of appeal in this Court. If Sanders chooses to apply for forma pauperis status on appeal, he must complete the Court of Appeals' standard form for motions to proceed in forma pauperis on appeal and file it in the Court of Appeals after he receives a case number from that court. The form will be provided to him with this Order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Sanders' petition under 28 U.S.C. § 2241 is DENIED for lack of merit.

2. The motion for appointment of counsel (Doc. 6) and the motion to dismiss the criminal indictment (Doc. 8) are MOOT due to dismissal of the petition.

3. The Clerk shall enter, by separate document, judgment in favor of Respondents and against Petitioner.

4. Pursuant to Fed. R. App. P. 24(4)(B), the Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

5. With Sanders' service copy of this Order, the Clerk of Court shall include the Ninth Circuit's standard form for motions to proceed in forma pauperis on appeal.

DATED this 20th day of September, 2015.

Susan P. Watters
United States District Court

enc: Fed.R. App. P. Form 4 (9th Cir.)